MARTIN BALZARINI *vs*. PETER WELCH.

Essex.    November 10, 1949. — March 7, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Sale*, Validity.    *Price Control.*

A finding for the plaintiff in an action for meat sold to the defendant, the proprietor of a restaurant, was warranted where the sole defence was alleged violation of certain Federal price regulations and the case was heard solely on the report of an auditor whose findings were not final and who found that the defendant had not sustained the burden of proving such a violation.

CONTRACT.    Writ in the Superior Court dated March 19, 1947.

The action was heard by *Forte, J.,* upon an auditor's report.

*G. R. Morgan,* for the defendant.

*C. R. Clark,* for the plaintiff.

WILLIAMS, J.    This is an action of contract to recover the price of merchandise sold by the plaintiff to the defendant. The answer of the defendant raises the issue of illegality of the transactions declared on as being in violation of O. P. A. regulations. The case was heard by a judge sitting without a jury and the sole evidence before him was the report of an auditor whose findings of fact were not final. Judgment for the plaintiff was entered on motion and the case is here on the exceptions of the defendant to the refusal of the judge to grant certain requests for rulings. Only the exceptions pertaining to the following requests have been argued: "6. If the court finds that the plaintiff was charging the defendant prices in excess of that allowed by maximum price regulation No. 148 the plaintiff is not entitled to recover. 7. There is sufficient evidence to warrant a finding that the plaintiff in selling meat to the de-

fendant violated the provisions of maximum price regulation No. 169. 8. The failure on the part of the plaintiff to furnish the defendant delivery slips as required by maximum price regulation No. 169 thereby prevents the plaintiff recovering as a matter of law against the defendant."

The plaintiff, who was in the meat business, supplied the defendant with meat for his restaurant known as the "Hesperus Diner" from October, 1943, to March, 1947. There was an open or running account maintained between the parties and, when first opened, written statements or slips were supplied weekly by the plaintiff to the defendant stating the balance currently due. Later as the debit balance increased the plaintiff furnished the defendant with daily statements on written slips. "These slips did not show the number of pounds or the price per pound or the quality of the merchandise, on any of the items. The slip would show merely a notation such as 'Hamburg, Lamb fores, Sausage' and the total cost of the items." The auditor found "that the basis of the plaintiff's charges to the defendant was the prices established by the O. P. A. for retail trade"; that there "was no testimony by the defendant or any other person as to the O. P. A. price limit on any of the merchandise sold by the plaintiff to the defendant at any time"; that there "was no testimony that any particular sale was in excess of the price fixed by the O. P. A."; and that he was "not satisfied that the defendant has sustained the burden of showing that the transactions between him and the plaintiff were in violation of the regulations of the O. P. A. and illegal." These regulations were brought to the attention of the auditor and were considered by him.

Section 1364.21 of regulation No. 148, 9 Fed. Reg. 1997, prohibited the sale of dressed hogs and wholesale pork cuts above the maximum prices permitted by § 1364.22; and § 1364.401 of regulation No. 169, 9 Fed. Reg. 1122, prohibited the sale of beef and veal carcasses, processed products, and wholesale cuts above the maximum prices permitted by § 1364.451. Because the prices charged by the plaintiff were those established by the O. P. A. for the retail trade,

the defendant contends that these prices were in excess of those permitted by the above regulations. There was no evidence, however, that the plaintiff sold to the defendant any of the specific items mentioned in §§ 1364.401 and 1364.21, and nothing in the report indicates that the plaintiff was not entitled to sell to a restaurant proprietor at retail.

The defendant contends further that the plaintiff violated regulation No. 169, § 1364.407 (f) (1), 9 Fed. Reg. 1126, which provides that "Every person making a sale of any beef carcass, beef wholesale cut, veal carcass, veal wholesale cut, processed product or other meat item subject to this revised regulation shall furnish to the purchaser at the time of delivery a written statement setting forth the name and address of the buyer and seller; identifying each such item sold; and setting forth the quantity, the grade," and other detailed information. The only evidence as to statements furnished by the plaintiff was that above mentioned and referred to statements concerning the state of the running account. There was no specific finding by the auditor that statements in the nature of invoices as contemplated by the regulation were not furnished. Furthermore, in the absence of evidence descriptive of the items of merchandise in fact delivered, it could not be found that the plaintiff was required to furnish such statements.

As the judge could not have found from the report of the auditor that regulations as to prices and delivery slips had been violated, there was no error in the refusal to grant requests numbered 6, 7 and 8.

*Exceptions overruled.*